UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PATRICK MORGAN,

                        Petitioner,                  17-cv-5460 (PKC) (KHP)

     -against-

                                             ORDER ADOPTING REPORT
                                             AND RECOMMENDATION

ADA PEREZ,

                        Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On November 9, 2018, Magistrate Judge Katharine H. Parker issued a Report and Recommendation (the "R&R") recommending that the undersigned dismiss in its entirety the petition for writ of habeas corpus filed by Patrick Morgan, pursuant to 28 U.S.C. § 2254. (Doc 18.) Morgan was mailed a copy of the R&R on November 13, 2018. (See Minute Entry of November 13, 2018). On December 11, 2018, Morgan filed objections to the R&R. (Doc 19.)

        For reasons to be explained, the Court adopts the thorough and well-reasoned R&R in its entirety.

BACKGROUND

        On January 20, 2012, a jury began deliberations following Morgan's trial for murder in the second degree, manslaughter in the first degree, and criminal possession of a weapon. (R&R at 2.) The jury deadlocked, and the trial court instructed them to continue deliberations "with a view toward reaching an agreement if that can be done without surrendering individual judgment." (R&R at 4 (quoting Doc 12-8 at 78).) They then reached a verdict but when polled did not all agree to the verdict so the trial court again instructed the jury, less than two hours after the

first instructions, to resume deliberations "in an attempt to reach a unanimous verdict." (R&R at 4−5 (quoting Doc 12-8 at 89).) During deliberations the jury requested a read back of the defense summation. The trial court polled the prosecutor and defense attorney, who agreed that the statements were not evidence, and declined to read back the defense summation. (R&R at 6.) The jury then unanimously found Morgan guilty of first-degree manslaughter and second-degree criminal possession of a weapon. (See R&R at 1, 6.) His conviction was affirmed on appeal by the Appellate Division, First Department, with one judge dissenting. See People v. Morgan, 1 N.Y.S.3d 39 (1st Dep't 2015). The First Department granted Morgan leave to appeal to the New York Court of Appeals. (Doc 10-6.) The Court of Appeals unanimously affirmed the decision of the Appellate Division, First Department. See People v. Morgan, 28 N.Y.3d 516, 522−23 (2016). Morgan then filed this 2254 petition.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court conducts a de novo review of the R&R to the extent Morgan raises an objection. Id. In order to establish his entitlement to federal habeas relief for a claim adjudicated on the merits in state court, Morgan must show that (i) the state court's actions were "contrary to, or involved an unreasonable application of," clearly established federal law as determined by the United States Supreme Court, or (ii) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 402–13 (2000).

In his Petition, Morgan argued that: (1) the trial court's supplemental jury instruction was coercive; (2) the trial court's denial of the jury's request to rehear the defense

summation violated due process; and (3) trial counsel was ineffective for failing to object to the denial of the jury's request to rehear the defense summation. (Pet. at 3; Doc 2.) After summarizing the case's procedural history and reviewing the applicable law, Magistrate Judge Parker concluded that Morgan's claim for a coercive jury instruction failed on the merits, his claim for violation of due process resulting from failure to read back the defense summation was procedurally barred because of an independent and adequate state law ground for decision, and his claim for ineffective assistance of counsel was unexhausted and otherwise meritless. (See R&R at 11−24.) Morgan now objects to Judge Parker's ultimate rulings with respect to the first and third arguments in his Petition. (Objections at 13−16; Doc 19.)

As noted, the Court reviewed the R&R de novo, and the record on which it is based, to the extent that Morgan has raised an objection. See 28 U.S.C. § 636(b)(1); Rule 72(b), Fed. R. Civ. P. The Court need not address in this Order all that it considered, but it has considered the entirety of the objections.[1]

I. The Trial Court's Jury Instruction

The R&R concluded that Morgan's challenge to the trial court's final supplemental jury instruction was exhausted but meritless. (R&R at 11−16.) Morgan challenges the trial court's instruction to the deadlocked jurors to "resume your deliberations in an attempt to reach a unanimous verdict," claiming that it was coercive because the instruction lacked language that jurors should not surrender their conscientious beliefs. (R&R at 11−12.) As set forth in Judge Parker's R&R, coerciveness of supplemental jury instructions is evaluated based on "its context and under all the circumstances." Lowenfield v. Phelps, 484 U.S. 231, 237 (1988) (quoting Jenkins

---

[1] The Court has reviewed the portions of the R&R to which no objections were made for clear error and found none. See Rule 72(b), Fed. R. Civ. P. advisory committee's note to 1983 amendment. The Court adopts the R&R as to those parts.

- 3 -

v. United States, 380 U.S. 445, 446 (1965) (per curiam)). Moreover, an erroneous jury instruction suffices to bring habeas relief only where it has "so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973).

        Morgan objects to the R&R on the grounds that it fails to consider his arguments that the trial court's considerations were contrary to Lowenfield's instruction, particularly the court's consideration of length of the jury's deliberations. (Objections at 13−14.) However, the R&R quotes extensively from Morgan's reply to the declaration in opposition to his petition, which made the same arguments he now makes in his Objections as to the factors to consider under Lowenfield. (See R&R at 14−15 (quoting Reply at 9; Doc 16).) The R&R thoughtfully lays out why Morgan's arguments are unpersuasive. Lowenfield held that supplemental jury charges are considered in context and consideration of the unique circumstances of the case. 484 U.S. at 237. The R&R cites the trial court's review of the unique circumstances of the case, including the instruction's language that jurors "attempt" to reach a verdict, a fuller instruction given less than two hours prior to the disputed supplemental instruction, and the fact that the jury continued to deliberate for a full day after the instruction was given. (R&R at 15.) Based on the Supreme Court's holding in Lowenfield, this Court cannot say that the trial court's consideration of unique circumstantial factors such as length of time deliberating was "contrary to" or involved an "unreasonable application" of clearly established federal law. 28 U.S.C. § 2254(d).

        Morgan cites to Lockyer v. Andrade, 538 U.S. 63 (2003) for what he asserts is the correct means of reviewing habeas claims for relief and states that Judge Parker "failed to consider the legal precedent" in reviewing his claim. (Objections at 14; Doc 19.) Yet Lockyer puts forth the same standard as that used by Judge Parker in her R&R, namely, "whether a state court decision

is contrary to, or involved an unreasonable application of, clearly established federal law." 538 U.S. at 71; see R&R at 16.

None of Morgan's objections disturb the R&R's well-reasoned determination that Morgan's claim of a due process violation for a coercive supplemental jury instruction fails on the merits. Morgan does not show that the trial court's instructions misstated the law, or that the alleged error violated a right guaranteed to him by federal law. See Spears v. Greiner, 459 F.3d 200, 205−07 (2d Cir. 2006) (denying habeas for an allegedly coercive supplemental jury charge where charge instructed jurors to "attempt to reach a verdict," defense counsel failed to object to the supplemental charge, and jury deliberated for over a day).

The Court thus adopts the R&R as to this claim.

II. Ineffective Assistance of Trial Counsel

The R&R concluded that Morgan's ineffective assistance of trial counsel claim was unexhausted because Morgan failed to file a motion pursuant to C.P.L. § 440.10, but was nevertheless meritless and undeserving of a stay of the petition. (R&R at 19−24.) Morgan objects to the R&R's determination that a stay for Morgan to pursue his claim in state court is not warranted. He further objects to the determination that his counsel did not perform deficiently under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). (Objections at 15; Doc 19.) Morgan does not specifically object to the R&R's reasoning with respect to the application of Strickland, but rather asks the Court to find his original memorandum of law attached to his habeas petition sufficient. (Objections at 15; Doc 19.) Having reviewed the R&R's consideration of the Strickland standard and its application to the state court's actions and finding the R&R well-reasoned, the Court adopts the R&R as to this part.

As to the R&R's recommendation to decide the issue of ineffective assistance rather than grant a stay of the petition to exhaust state court remedies, the Court agrees with the recommendation of Judge Parker. (R&R at 20.) Where there is no good cause for failure to exhaust state court remedies, and unexhausted claims are "plainly meritless," stay and abeyance of a habeas petition is not appropriate. Rhines v. Weber, 544 U.S. 269, 277 (2005). Morgan has not raised any objections that call into question this recommendation. See Objections at 16 (citing with approval Rhines, 544 U.S. 269).

CONCLUSION

The R&R is adopted in its entirety and the petition is DENIED. The Clerk is directed to close the case and enter judgment for the respondent.

Morgan has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Blackman v. Ercole, 661 F.3d 161, 163−64 (2d Cir. 2011). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and in forma pauperis status is therefore denied. See Coppedge v. United States, 369 U.S. 438, 444−45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
January 4, 2019